IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARK T. WHITE            )
                         )
v.                       )    No. 3:12-0385
                         )
CAROLYN W. COLVIN,       )
    Acting Commissioner of )
    Social Security      )

To: The Honorable John T. Nixon, Senior District Judge

## REPORT AND RECOMMENDATION

Pending before the court is Defendant's motion to dismiss (Docket Entry No. 16), to which Plaintiff has filed a response (Docket Entry No. 19),[1] and Plaintiff's "Request for Summary Judgment and/or Compensatory Judgment" (Docket Entry No. 21). For the reasons that follow, the Court recommends that Defendant's motion (Docket Entry No. 16) be GRANTED and Plaintiff's motion (Docket Entry No. 21) be DENIED.

## I. BACKGROUND

The *pro se* Plaintiff filed this case on April 17, 2012. Docket Entry No. 1.[2] Plaintiff was permitted to proceed *in forma pauperis*, in light of his indigency. DE 3. In his complaint, Plaintiff claims that he has suffered "real and significant losses and damages including but not

---
[1] Plaintiff's response is entitled, "Corrections to Plaintiff's Case File to wit: (including [omissions] if any) and Answer in Objection; To Defendant's Motion of [Dismissal]." Docket Entry No. 19.
[2] All filings are hereinafter referenced by the abbreviation "DE" followed by the corresponding docket entry number and page number(s) where appropriate.

limited to loss of income, substantial living and damages to benefits and credit reporting[.]" *Id*. at 2. Plaintiff does not provide any facts that would form a basis for this claim, but accuses Defendant of "[reckless] disregard or malicious oversight as in 'negligence' or 'gross negligence' to [their] responsibility to Plaintiff."[3] *Id*. at 3.

In a subsequent filing entitled, "Request for Summary Judgment and/or Compensatory Judgment," Plaintiff claims that he has suffered a reduction in the benefits he currently receives from the Social Security Administration ("Commissioner") in the amount of $258.00 per month.[4] DE 21 at 1. He requests that the SSA reinstate his benefits to their prior monthly amount, although he does not specify the amount he previously received. *Id*. Plaintiff also claims to have suffered a "continuation of abuse" from the Department of Veterans Affairs and the Department of Education, and therefore seeks $46,000.00 in damages from these entities. *Id*. at 1-2.

On July 18, 2012, Defendant filed a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). DE 16. Defendant asserts that the complaint fails to comply with Fed. R. Civ. P. 8(a)(2), which requires that a claim for relief include a "short and plain statement of the claim showing that the pleader is entitled to relief," because it states no legal basis for Plaintiff's alleged damages. DE 17 at 3. Within the time allowed by local rule for responding to Defendant's motion to dismiss, Plaintiff filed a response of sorts in opposition. DE 19. This

---

[3] The complaint does not specifically name the Commissioner of the Social Security Administration as a defendant, but instead lists the following defendants: "Agencies, Agents of; and/or Departments by or under Departmental Authority of United States of America, [its] members, memberships, (or) Unions and [its] members within said entity known or unknown and but its [alias]." DE 1 at 1. However, Michael Astrue, then Commissioner of Social Security, was substituted as the proper defendant in this matter. Defendant does not dispute service of process.

[4] Because a motion for "compensatory judgment" is not contemplated by the Federal Rules of Civil Procedure, the Court treats this filing as a motion for summary judgment.

response also made "corrections to Plaintiff's case file" (DE 19 at 1) and was accompanied by various documents that Plaintiff apparently contends support his claims (DE 19-1 and 19-2).[5]

## II. LEGAL STANDARDS AND ANALYSIS

### A. Defendant's Motion to Dismiss

When evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all of the allegations contained in the plaintiff's complaint, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). The Court may consider only matters that are properly a part of the complaint or pleadings. *Armengau v. Cline*, 7 F. App'x 336, 343 (6th Cir. 2001). Although the complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 1958-59, 167 L. Ed. 2d 929 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

The factual allegations contained in the complaint must be enough to raise a right to relief beyond the speculative level. *Twombly*, 550 U.S. at 555. More than bare assertions of legal

---

[5] The Court did not consider these additional documents for purposes of Defendant's motion to dismiss because they are outside the pleadings. To the extent that Plaintiff's notice of "corrections" could somehow be construed to be a motion for summary judgment, it suffers from the same deficiencies as Plaintiff's specific motion for summary judgment and is therefore properly denied for the reasons detailed in section II.B below. Further, to the extent that this filing might constitute or be deemed to be a motion to amend, it likewise suffers from the same deficiencies as Plaintiff's original complaint, and is therefore properly denied on futility grounds. *See Neighborhood Development Corp. v. Advisory Council on Historic Preservation,* 632 F.2d 21, 23 (6th Cir.1980) (where a proposed amendment would not survive a motion to dismiss, the court need not permit the amendment).

conclusions are required to withstand a motion to dismiss, and the complaint must contain either direct or inferential allegations regarding all of the material elements to sustain a recovery under some viable legal theory. *Id*. at 555-61; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. *See Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000), *overruled on other grounds in Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001). A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" is insufficient. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Complaints filed by *pro se* petitioners are "held to less stringent standards than those prepared by attorneys, and are liberally construed when determining whether they fail to state a claim upon which relief can be granted." *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). However, this "leniency . . . is not boundless." *Id*. at 714. Merely positing a theory of legal liability that is not supported by specific factual allegations does not state a claim for relief that survives a motion to dismiss, and a complaint, even if filed *pro se*, is not saved from dismissal if it fails to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-80. Although the standard of review is liberal, the *pro se* plaintiff is required to provide more than the bare assertion of legal conclusions. *Felts v. Cleveland Hous. Auth.*, 821 F. Supp. 2d 968, 970-71 (E.D. Tenn. 2011) (citing *Lillard v. Shelby Cnty. Bd. of Educ.,* 76 F.3d 716, 726 (6th Cir.1996); *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1103–04 (6th Cir. 1995)).

Additionally, the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action will be dismissed as frivolous if "it lacks an arguable basis either in law

4

or in fact." *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). An action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. *Id.* A complaint that fails to allege "enough facts to state a claim to relief that is plausible on its face" must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.,* 615 F.3d 622, 627 (6th Cir.2010) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht v. Treon,* 617 F.3d 890, 893 (6th Cir.2010) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). "A plaintiff falls short if [he] pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht,* 617 F.3d at 893 (quoting *Iqbal,* 556 U.S. at 678–79). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner,* 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).

Applying these standards, the Court concludes that Plaintiff has stated no plausible federal claim. Plaintiff's complaint does not specifically request judicial review of a decision made by the Commissioner regarding an application for benefits under the Social Security Act. Plaintiff instead asks this Court to review the seventy-four pages of exhibits attached to his complaint as evidence of Defendant's "disregard." DE 1 at 3.[6]

---

[6] The attached exhibits include the following documents:

> (1) A letter from the Commissioner, dated March 14, 2011, denying Plaintiff's claim for Social Security disability benefits. This includes an advisement that Plaintiff has sixty days from receipt of the letter to request a hearing before an administrative law judge

The March 14, 2011 letter from the Commissioner appears to indicate that one of Plaintiff's applications for Social Security disability benefits was in fact denied. *Id*. at 10. However, Plaintiff provides no additional information regarding the details of this denial. Plaintiff attaches two legible medical records to his complaint, both documenting treatment from September of 2003, which suggest that he suffers from lower back pain. *Id*. at 60-63. Plaintiff

---

("ALJ"). There is no indication whether Plaintiff applied for a period of disability, Disability Insurance Benefits ("DIB"), or Supplemental Security Income ("SSI"). There is no claim number listed on the letter. *Id*. at 10.

(2) A letter from the Commissioner, dated April 13, 2011, granting Plaintiff's application for SSI, which was filed on November 2, 2010. The letter includes a notice of the amount of "back payments" owed to Plaintiff, totaling $1,905.34. The claim number listed on the letter is redacted. *Id*. at 18.

(3) A letter from the Commissioner, dated April 8, 2011, informing Plaintiff that he has received $84,361.00 in overpayment of Social Security benefits. The letter indicates that the Commissioner previously attempted to collect this overpayment from Plaintiff, but that such amount has not been repaid. The claim number listed on the letter is redacted. *Id*. at 19.

(4) A letter from the Commissioner, dated June 4, 2011, advising Plaintiff of changes to his SSI payments. The letter states that on July 1, 2011, Plaintiff will begin receiving $203.00 each month in SSI benefits. The letter does not indicate the amount Plaintiff was receiving in SSI before July 1, 2011. The claim number listed on the letter is redacted. *Id*. at 32.

(5) A letter from the Commissioner, dated November 3, 2006, advising Plaintiff that he will receive a check in the amount of $712.00 on December 3, 2006 representing his Social Security benefits. The letter also advises Plaintiff that after December 3, 2006, Plaintiff will begin receiving a reduced monthly check in the amount of $672.00. The claim number listed on the letter is redacted. *Id*. at 37.

(6) A letter from the Department of Veterans Affairs ("VA"), dated January 4, 2011, certifying that Plaintiff receives "service-connected disability compensation" in the amount of $243.00 per month, which began on December 1, 2008. *Id*. at 67.

(7) A letter from the Commissioner, dated December 14, 2011, advising Plaintiff of additional changes to his SSI payments. The letter states that on January 1, 2012, Plaintiff will begin receiving $475.00 each month in SSI benefits. The claim number listed on the letter is redacted. *Id*. at 68.

does not indicate, however, whether these records relate to the claim referenced in the March 14, 2011 denial letter.

Defendant correctly states that under Fed. R. Civ. P. 8(a)(2), a pleading requesting relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" The Court further notes that Fed. R. Civ. P. 8(a)(1) requires that the pleading contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support[.]" Plaintiff's complaint contains neither of these requirements.

Here, Plaintiff's complaint fails to plead any facts that would support his contention that Defendant has demonstrated "[reckless] disregard or malicious oversight." DE 1 at 3. In fact, the complaint contains no factual allegations of any description. The attached exhibits suggest that Plaintiff disputes multiple decisions made by the Commissioner with respect to his receipt of Social Security benefits. The complaint does not, however, delineate an actual claim, but instead asks the Court to "recognize" the attached exhibits as "evidence of . . . disregard" by the Commissioner. DE 1 at 3. This ambiguous request leaves the Court unable to discern whether Plaintiff is requesting a review of a decision to deny benefits, adjust current benefits, or both.

Moreover, the complaint does not include a request for legal relief that can be granted by the Court. Plaintiff instead merely asks the Court to "recognize" the exhibits attached to his complaint, and "agree to allow time for amendments and answers" (*id*. at 4), neither of which represents a plausible claim for relief. This Court is not in a position to construct Plaintiff's arguments for him, as doing so would require us to "explore exhaustively all potential claims of a *pro se* plaintiff . . . [and] would . . . transform the [Court] from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Crawford v. Crestar Foods*, 210 F.3d 371 (6th Cir. 2000) (internal

citation omitted). Accordingly, the Court finds that Plaintiff's complaint does not meet the threshold pleading requirements of Fed. R. Civ. P. 8(a), and therefore recommends that the complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

In addition to the lack of any supporting factual allegations, the claims made by Plaintiff suffer from legal deficiencies that cannot be overlooked. Most significantly, the Court finds that it is without jurisdiction to hear this matter. The Commissioner appears to have been substituted as the proper defendant in this matter based on the exhibits attached to Plaintiff's complaint, which direct the complaint to the "Honorable Inspector General, Social Security," and the Social Security Administration. DE 1 at 5-6. Based on the exhibits attached to the complaint, Plaintiff disputes various adjustments made to his monthly Social Security benefits, as well as the Commissioner's alleged overpayment of benefits. *Id.* at 19, 32, 37, 40, 68. However, there is nothing in the four corners of the complaint to demonstrate that this matter is properly before this Court.

Congress has authorized judicial review of disputes involving the Social Security Act pursuant to 42 U.S.C. § 405(g). Section 405(g) is generally considered the only avenue for judicial review of a decision by the Commissioner. *Heckler v. Ringer*, 466 U.S. 602, 104 S. Ct. 2013, 2015, 80 L. Ed. 2d 622 (1984). Such judicial review can only occur, however, "after any final decision of the [Commissioner] made *after a hearing* to which [the claimant] was a party[.]" 42 U.S.C. § 405(g) (emphasis added). There is no indication in the complaint or accompanying exhibits that such a hearing was timely requested or conducted.

The Sixth Circuit has held that in order to establish federal court jurisdiction to review a decision of the Commissioner, (1) a claimant must exhaust his administrative remedies, and (2) the Commissioner must issue a final decision. *Pohlmeyer v. Sec'y of Health & Human Servs.*, 939 F.2d 318, 320 (6th Cir. 1991) (citing *Matthews v. Eldridge*, 424 U.S. 319, 327-29, 96

S. Ct. 893, 899-900, 47 L. Ed. 2d 18 (1976)). The Court lacks jurisdiction to review Social Security decisions if the claimant has failed to exhaust his administrative remedies. 42 U.S.C. § 405(h); *Bowen v. City of New York*, 476 U.S. 467, 483, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986). While the Commissioner has the authority to waive the exhaustion requirement (*id.*), the Commissioner has not done so in this matter.

The relevant regulations state that "[w]hen you have completed the steps of the administrative review process . . ., we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review." *Pohlmeyer*, 939 F.2d at 320 (citing 20 C.F.R. § 404.900(a)(5)). This administrative process includes a hearing before an ALJ, and a subsequent request for review by the Appeals Council if the claimant is dissatisfied with the ALJ's decision. 20 C.F.R. § 404.900(a)(3)-(4). Once the claimant has taken these steps, the Commissioner "will have made [its] final decision," at which point the claimant may request judicial review. 20 C.F.R. § 404.900(a)(5).[7]

There is no indication that Plaintiff requested or took part in such a hearing, even though the March 14, 2011 denial letter clearly advised Plaintiff that he had sixty days to do so. DE 1 at 10. On its face, the complaint fails to demonstrate that Plaintiff exhausted his administrative remedies, and therefore fails to state a claim, because, absent such exhaustion, this Court is without jurisdiction to grant Plaintiff relief as to any Social Security decisions referred to in his complaint and accompanying exhibits.

Because the Court finds that Plaintiff's complaint fails to state a claim upon which relief can be granted, and additionally finds a lack of subject matter jurisdiction in this matter, it is recommended that this claim be dismissed. Defendant requests that the complaint be dismissed

---

[7] The significance of these requirements is underscored by the fact that the Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). Here, as noted, there is no record for the Court to review.

with prejudice. DE 17 at 3-4. The Court notes that "[d]ismissal for lack of subject-matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case." *Revere v. Wilmington Fin.*, 406 F. App'x 936, 937 (6th Cir. 2011) (citing *Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005)). If Plaintiff's complaint failed only to demonstrate exhaustion of administrative remedies, the Court would be inclined to recommend dismissal without prejudice. However, because the Complaint is woefully devoid of supporting factual allegations, dismissal with prejudice is warranted. *See Jackson v. Member Select Ins. Grp.*, No. 1:14-CV-229, 2014 WL 2250490 (W.D. Mich. May 29, 2014).

## B. Plaintiff's Motion for Summary Judgment

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S. Ct. 179, 148 L. Ed. 2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S. Ct. 217, 151 L. Ed. 2d 155 (2001).

Under Fed. R. Civ. P. 56(a), a party may move for summary judgment by "identifying each claim . . . on which summary judgment is sought." The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. The moving party must support his assertion that a fact cannot be genuinely disputed by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c). Plaintiff's motion does not meet the requirements contained in Rule 56, as it fails to identify any material facts about which there is no genuine dispute.

An affidavit is attached to the motion, but it fails to address, much less support, any of the presumptive claims in Plaintiff's complaint regarding Social Security benefits.[8] Rather, the affidavit addresses a "continuation of abuse" from the VA and the Department of Education. The affidavit does little more than accuse these departments of violating "contractual obligations" without providing any support for such claims. DE 21-1 at 1-2. Plaintiff instead attaches a letter from the VA indicating that Plaintiff's November 26, 2010 claim for "service

---

[8] Plaintiff's motion for summary judgment facially refers to his disagreement with the "reduction of [Social Security] benefits" and other purported adjustments to benefits. Other than this general reference, however, there are no specific facts stated, and, as noted, the accompanying affidavit with exhibits refers to acts by the VA and Department of Education. Presumably those acts are somehow connected to Plaintiff's Social Security benefits, but the Court is simply not required to assume facts that are not pled in the complaint or to create viable claims for Plaintiff based upon speculation. *See Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012) (quoting *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215 (6th Cir. 2000). *See also Brown v. Matauszak*, 415 Fed.App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted); *Payne v. Secretary of Treas.*, 73 Fed.App'x 836, 837 (6th Cir. 2003) ("[n]either this court nor the district court is required to create [the plaintiff's] claim for her").

11

connected compensation" was denied. *Id*. at 4.[9] As noted, this letter is unrelated to the claims Plaintiff attempts to assert against the Commissioner in his complaint.

Moreover, Plaintiff's motion for summary judgment is not supported as required under the local rules of this Court. Specifically, Local Rule 56.01 mandates that any motion for summary judgment shall be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by specific citation to the record. After each paragraph, the word "response" shall be inserted and a blank space shall be provided reasonably calculated to enable the non-moving party to respond to the assertion that the fact is undisputed. LR 56.01(b). Plaintiff's motion does not include such a statement. The cumulative effect of this failure, Plaintiff's failure to comply with Fed. R. Civ. P. 56, and the lack of any substantive merit compels denial of Plaintiff's motion for summary judgment.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) Defendant's motion to dismiss (DE 16) be GRANTED and this action be DISMISSED WITH PREJUDICE; and,

2) Plaintiff's motion for summary judgment (DE 21) be DENIED.[10]

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation, and must state with particularity the specific portions of this Report and Recommendation to which objection is

---

[9] The Court also notes that this letter is dated May 18, 2012, approximately one month after Plaintiff initiated the instant civil action.

[10] The Court notes that also pending is Plaintiff's pending motion for review (DE 18), which was captioned as a motion for reconsideration, but, in substance is a request for review by the District Judge. If this recommendation is adopted, Plaintiff's motion for review will be rendered moot.

made. Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge